**WO**                              NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Cogan, | No. CV-14-01704-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa, County of, *et al.,* | |
| Defendants. | |

Before the Court is the remaining State Defendants' Motion to Dismiss[1] (Doc. 26), to which *pro se* Plaintiff Patrick Cogan filed a Response (Doc. 28), and Defendants filed a Reply (Doc. 29). For the reasons set forth below, the Court will grant the Motion and dismiss this matter.

For purposes of evaluating this Motion, the Court accepts as true all factual allegations in Plaintiff's Third Amended Complaint ("TAC"). *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). In the TAC (Doc. 25), Plaintiff repeats his allegations from the Second Amended Complaint (Doc. 16)—which the Court already examined under Federal Rule of Civil Procedure 12(b)(6) (Doc. 24)—and adds factual allegations with regard to his working conditions prior to his resignation. The

---

[1] The "State Defendants" in this matter are the State of Arizona, the Maricopa County Juvenile Probation Department, which is a component of the Superior Court of the State of Arizona, and its employee, Charlotte Shrum, in her official capacity.

1  Court therefore adopts its recitation of Plaintiff's allegations from its previous Order
2  (Doc. 24), and will simply set forth the additional allegations here.

3  Plaintiff was a Juvenile Probation Officer in Maricopa County, Arizona. On
4  June 27, 2012, two days after Plaintiff returned to work from leave under the Family and
5  Medical Leave Act (FMLA), Plaintiff's Supervisor, Charlotte Shrum, distributed a new
6  caseload list that increased Plaintiff's caseload area "from 5 zip codes in Central Phoenix
7  to 23 zip codes covering the north, west and south boundaries of Maricopa County."
8  (TAC ¶ 11.) Plaintiff's caseload area was the only one significantly altered among the
9  employees in his work unit. (TAC ¶ 11.) Plaintiff resigned the next day, and his caseload
10 was split up and distributed among the remaining employees in the work unit. (TAC
11 ¶ 11.) Four months later, his caseload was divided and given to two employees. (TAC
12 ¶ 11.) Before quitting, Plaintiff raised his concerns about the increased caseload area to
13 his Supervisor and the Acting Director, Richard Kokes, and he "felt after speaking to
14 [them] there would be no change to the caseload and that the powers that be had no
15 intentions of changing the caseload." (TAC ¶ 13.)

16 The Court previously dismissed Plaintiff's claims under Title I of the Americans
17 with Disabilities Act ("ADA"), finding that Plaintiff's allegations that his caseload area
18 was significantly increased were insufficient to constitute constructive discharge as a
19 matter of law. (Doc. 24.) While the Court gave Plaintiff another opportunity to amend the
20 Complaint—his third—Plaintiff added only the allegations outlined above. Defendants
21 now move to dismiss Plaintiff's claims under Rule 12(b)(6). (Doc. 26.)

22 Plaintiff again fails to allege sufficient facts for the Court to plausibly conclude
23 that he was constructively discharged under Ninth Circuit Court of Appeals case law. In
24 *Poland v. Chertoff*, the United States Customs Service, the plaintiff's employer,
25 transferred the plaintiff from Portland, Oregon to Vienna, Virginia—resulting in
26 separation from his family—and took away his supervisory duties. 494 F.3d 1174, 1178
27 (9th Cir. 2007). The plaintiff accepted the transfer but quit his job five months later, three
28 years before his retirement date. *Id*. The district court concluded that the plaintiff's

reassignment constituted a constructive discharge because "it resulted in separation from his family and demotion to a nonsupervisory position" and a person in the plaintiff's circumstances "would have reasonably believed the reassignment was a 'career-ending' event that compelled him to retire earlier than he planned." *Id.* at 1179.

The Ninth Circuit reversed the district court, concluding as a matter of law that the plaintiff was not constructively discharged because the record did not show that the plaintiff's working conditions "were so poor that they trumped his motivation to earn a living." *Id.* at 1185. In so holding, the court noted that a finding of constructive discharge cannot be based on an employee's subjective preferences and does not arise when an employee quits without giving his employer a reasonable chance to work out issues. *Id.* at 1184-85. The constructive discharge inquiry is objective and turns on whether a reasonable person would find the working conditions so intolerable or egregious that the person would feel compelled to resign, not whether the plaintiff subjectively called the conditions "a career ender," as in *Poland*, or "egregious," as in the case now before the Court. *See id.*

Plaintiff's new allegations in the TAC do nothing to change the Court's conclusion in its prior Order. (*See* Doc. 24.) While Plaintiff has added allegations that no other Probation Officer had such an "egregious caseload" and that, after Plaintiff quit, the caseload was divided among multiple Probation Officers, Plaintiff's underlying allegation—that his caseload territory had increased significantly—still does not rise to the level of constructive discharge when viewed objectively. *See Poland*, 494 F.3d at 1185. Furthermore, while Plaintiff alleges he received no relief from the expanded caseload territory when he raised concerns about it to his Supervisor on the day she assigned it to him, he quit the next day without giving his employer almost any chance to work out any issues with the new assignment. Under the Ninth Circuit precedent, the Court must conclude that Plaintiff's allegations regarding his work conditions are not sufficient to state a claim based on constructive discharge.

If a defective complaint can be cured, a plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1127-30 (9th Cir. 2000). Here, Plaintiff has had three opportunities to amend the Complaint, and it does not appear that Plaintiff can cure the defects in his claims by amendment. As a result, the Court will dismiss Plaintiff's claims against Defendants with prejudice.

IT IS ORDERED granting Defendants' Motion to Dismiss (Doc. 26) and dismissing Plaintiff's claims with prejudice.

IT IS FURTHER ORDERED directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 16th day of February, 2016.

Honorable John J. Tuchi
United States District Judge